IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HADDAD,<br><br>        Plaintiff,<br><br>   v.<br><br>MONUMENTAL LIFE INSURANCE COMPANY,<br><br>        Defendant. | Case No.: C-13-01636 YGR (JSC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR DEFENDANT TO PRODUCE DOCUMENTS (Dkt. No. 34)** |

Now pending before the Court in this employment discrimination suit is the parties' joint discovery letter regarding Plaintiff's request that Defendant produce, pursuant to the protective order, particular documents in unredacted form. Specifically, the dispute concerns:

> Whether Defendant Monumental Life Insurance Company ("MLIC") is required to produce to Plaintiff (subject to the existing protective order, Doc 28) unredacted copies of audit-related documents to show (1) the redacted names, account (insurance and bank) numbers, and addresses of insurance customers that appear in the context of an audit report and supporting documents that MLIC claims were the basis for Plaintiff's termination; and (2) the redacted names of third-party employees who were also disciplined (for different and separate misconduct) as a result of the audit. Defendant has produced documents with this information redacted, and Plaintiff objects to such redactions.

(Dkt. No. 34 at 1.) The Court concludes that Defendant shall produce unredacted copies of the audit-related documents described above, with the exception of the insurance customers' account numbers.

## LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The matter is relevant when it seeks admissible evidence or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The scope of discovery under the Federal Rules has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (internal quotation marks omitted). If a party fails to make disclosures or cooperate in discovery, the discovering party may move for an order compelling discovery. Fed. R. Civ. P. 37(a). The moving party bears the burden of "informing the court of the reasons that any objections are not justified" and why the information sought is relevant to the action. *Oyarzo v. Tuolumne Fire Dist.*, No. 11-01271, 2013 WL 1758798, at *4 (E.D. Cal. Apr. 24, 2013).

When documents are protected by a right to privacy, under both California and federal law, courts apply a balancing test to assess whether the need for the information sought outweighs the privacy right asserted. *Compare Rubin v. Regents of University of California*, 114 F.R.D. 1, 1 (N.D. Cal. 1986) *with Pioneer Electronics (USA) Inc. v. Super. Ct.*, 40 Cal. 4th 360, 371 (Cal. 2007).

## DISCUSSION

Defendant objects to Plaintiff's request for the unredacted documents on the ground that such production is unwarranted in light of the third-party customers' and third-party employees' privacy interests. Plaintiff does not dispute that both the customers and employees have a privacy interest in the information sought: for the customers, their personal account information, including their names and account numbers; for the employees, their names and employee numbers in connection with details of their alleged improper conduct. Plaintiff does contend, however, that this information must nevertheless be produced because it is necessary to prosecute his case. With the exception of the customers' account numbers, the Court agrees with Plaintiff.

Regarding the customers' personal information, Plaintiff's need for the customers' names, addresses, and other contact information appearing on the redacted documents outweighs the customers' privacy interest in such information. Defendant's defense in this litigation is that Plaintiff mishandled insurance premiums that were hand-delivered or picked up at the customer's home. Plaintiff, however, asserts that there were often particular issues with such transactions that caused confusion as to whether the insurance premium was correctly received and processed. Plaintiff further asserts that Defendant, though aware of these issues, chose to conclude that the shortfall in funds was because of Plaintiff's mishandling of the premiums, a conclusion Plaintiff contends was pretext for Defendant's desire to terminate him due to his age. The Court agrees with Plaintiff that the customers' redacted names and contact information is relevant to his pretext theory. By contacting particular customers whose funds were allegedly mishandled, Plaintiff may be able to discover evidence regarding whether such funds were in fact mishandled. Plaintiff, however, provides no reason for needing the customers' account numbers, which include their insurance account numbers and their bank account numbers. Given this lack of explanation and the sensitive nature of the information, the Court denies Plaintiff's request to the extent he seeks to unredact customer account numbers. In addition, the Court denies Plaintiff's request to the extent it seeks customer contact information beyond what is provided in the redacted documents at issue. As Defendant correctly asserts, the discovery dispute that is properly before the Court involves only the audit-related documents identified above.

The third-party disciplined employees' names shall also be unredacted. Plaintiff asserts that this information is necessary to show disparate treatment. In a footnote, Defendant objects to this request on the ground that Plaintiff has failed to make "a showing of direct relevance" to his claims. (Dkt. No. 34 at 4 n.4.) The Court disagrees. The employee information is reasonably calculated to lead to evidence regarding whether Plaintiff was treated different from other similarly-situated employees because of his age.

## CONCLUSION

For the reasons stated above, Defendant shall forthwith produce the audit-related documents unredacted as to 1) the insurance customers' names and contact information to the extent such

information is already included in the documents, and 2) the third-party employees' names.  The insurance customers' account numbers shall remain redacted.

IT IS SO ORDERED.

Dated: November 22, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE